IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-1677**

ROCIO LUCEY,

    Plaintiff,

v.

TIAA-CREF LIFE INSURANCE COMPANY, a/k/a TIAA and TIAA INSURANCE COMPANY, a New York corporation,

    Defendant.

---

## COMPLAINT

Plaintiff submits the following Complaint against Defendant.

### I.  PARTIES

1.    Plaintiff Rocio Lucey ("Lucey") is an individual who resides in Highlands Ranch, Colorado.

2.    Defendant TIAA-CREF Life Insurance Company a/k/a TIAA and TIAA Insurance Company ("TIAA") is a New York corporation with corporate headquarters at 730 Third Avenue, New York, New York 10017. TIAA does business in Colorado and has an office located at 1670 Broadway, Denver, Colorado 80202.

1

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. All prerequisites or conditions precedent to the institution of this suit have been met.

6. Plaintiff filed a timely charge of discrimination.

7. On April 6, 2023, the EEOC issued a Notice of Right to Sue in regard thereto. This action was timely filed within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

## IV. GENERAL ALLEGATIONS

8. Plaintiff seeks relief against Defendant on the ground that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e et seq. ("Title VII") and the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et. seq.* (the "ADA").

9. Defendant is an employer within the meaning of Title VII and the ADA.

10. The timeliness and jurisdictional requirements of Title VII and the ADA have been met.

11. Lucey was hired by TIAA in 2010 and at all times performed her job duties satisfactorily.

12. In March 2020, President Trump declared a national emergency in regard to the COVID-19 virus.

13. Beginning in March 2020, TIAA employees, including Lucey, began working remotely.

14. On November 15, 2021, TIAA announced it would require all U.S. associates to be fully vaccinated by March 1, 2022 (the "Vaccine Policy"). Employees not fully vaccinated or approved for an exemption would be discharged after March 2, 2022.

15. Lucey requested a medical exemption to the Vaccine Policy.

16. Lucey supported her request for a medical exemption with letters from three different medical professionals, all of whom stated that administering the vaccine to Lucey was contraindicated based on her health condition.

17. In the first letter dated December 21, 2021, Peter McCullough, MD, stated that due to Lucey's health condition, the COVID-19 vaccine was contraindicated because it posed a prohibitive risk of fatal thromboembolism.

18. In the second letter dated March 16, 2022, Edwin T. Anselmi, MD, confirmed that the risks from the vaccination outweighed any potential benefits, especially given that Lucey had a natural immunity.

19. The third letter dated March 17, 2022, was from Jill Q. Vecchio, MD. Dr. Vecchio stated that given Lucey's medical history, she was at increased risk of complications from the vaccine that could be life threatening.

20. TIAA denied Lucey's request for a medical accommodation.

21. TIAA never entered into the interactive process with Lucey.

22. TIAA never explained why allowing Lucey to continue working remotely, which she had been doing for two years, was not a reasonable accommodation.

23. TIAA never explained why allowing Lucey to continue working remotely, which she had been doing for two years, was an undue hardship.

24. On February 10, 2022, Lucey requested TIAA to provide a reasonable accommodation to her sincerely held religious beliefs.

25. In particular, Lucey requested that she not be forced to take the vaccine because it violated her Christian beliefs.

26. In support of her request, Lucey stated, among other things:

> It is my sincerely-held religious belief that abortion is murder, a violation of one of the Ten Commandments ("You shall not murder." Exodus 20:13). The COVID 19 vaccines were developed and/or tested using aborted fetal cell lines that were generated or derived from tissues of aborted fetuses. J & J used an aborted fetal cell line in manufacturing theirs, while Moderna & Pfizer used aborted fetal cell lines in testing the efficacy of their vaccines. So, it is my sincerely-held religious belief that, in being vaccinated with any of the currently available COVID-19 vaccines, I would be cooperating with and complicit in the sin of abortion (the ending of an innocent human life) and that doing so would constitute a sin against God and a violation of His Commandments, for which I would be held morally accountable by God.

27. Lucey is a Catholic Christian. She supported her request for a religious accommodation with a letter from Pastor Gregory W. Bierbaum of the Colorado Catholic Conference dated February 7, 2022. In this letter, Pastor Bierbaum explained in detail how Lucey's request for an exemption from the Vaccine Policy was consistent with Catholic doctrine.

28. TIAA denied Lucey's request for a religious accommodation.

29. TIAA never entered into the interactive process with Lucey.

30. TIAA never explained why allowing Lucey to continue working remotely, which she had been doing for two years, was not a reasonable accommodation.

31. TIAA never explained why allowing Lucey to continue working remotely, which she had been doing for two years, was an undue hardship.

32. TIAA terminated Lucey's employment on April 1, 2022.

33. TIAA terminated Lucey's employment on the ground that she refused to take the COVID-19 vaccine.

## V.  FIRST CLAIM FOR RELIEF
**(Violation of Title VII – Religious Discrimination Failure to Accommodate)**

34. Plaintiff hereby realleges the above allegations as if fully set forth herein.

35. Title VII prohibits Defendant from discriminating against its employees on the basis of their sincerely held religious beliefs.

36. Plaintiff holds a sincere religious belief that precludes her from receiving a COVID-19 vaccine.

37. Plaintiff informed Defendant of those beliefs and requested a religious exemption and reasonable accommodation from the vaccine mandate.

38. Defendant failed to engage in the interactive process with Plaintiff regarding her religious accommodation request.

39. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a religious exemption and reasonable accommodation, thereby discriminating against Plaintiff because of her religious beliefs.

40. Plaintiff's religious belief about receiving a COVID-19 vaccine was the basis for Defendant's discriminatory treatment.

41. Defendant's failure to even consider accommodating Plaintiff's religious beliefs under any circumstances whatsoever harmed and will continue to harm Plaintiff.

42. Accommodating Plaintiff's religious beliefs would not have resulted in an undue hardship on Defendant or its business.

43. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

44. Plaintiff is entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

### SECOND CLAIM FOR RELIEF
### (Violation of Title VII – Religious Discrimination Wrongful Termination)

45. Plaintiff hereby realleges the above allegations as if fully set forth herein.

46. Title VII make it unlawful for an employer to discharge any individual, or to otherwise discriminate against any individual, with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's religion.

47. At the time of the discrimination, Plaintiff was Defendant's employee and qualified in all respects to do her job competently.  Plaintiff had a sincere religious objection to receiving the COVID-19 vaccines.

48. Defendant terminated the employment of Plaintiff after she refused to violate her conscience by subjecting herself to Defendant's vaccination mandate.

49. Defendant's termination of Plaintiff was an adverse employment action that materially and adversely changed the overall terms and conditions of her employment, in violation of Title VII.

50. Plaintiff is entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

## VII. THIRD CLAIM FOR RELIEF
## (ADA)

51. Plaintiff incorporates herein by this reference the allegations contained within the foregoing paragraphs.

52. As demonstrated by her long-term and successful performance with Defendant, Plaintiff was qualified for her position.

53. Plaintiff placed Defendant on notice that she had a disability within the meaning of the ADA when she provided to Defendant documentation from three separate doctors.

54. At all relevant times, Plaintiff was a qualified individual with a disability and was qualified for her position, provided that her disability was reasonably accommodated.

55. Defendant could have accommodated Plaintiff so that she could have continued to work with an accommodation but failed and refused to do so. Indeed, Defendant had been providing to Plaintiff the very accommodation she requested (remote work) for nearly two years when it terminated her.

56. Defendant could have accommodated Plaintiff without undue hardship, but instead pretextually terminated her employment by falsely asserting that on site attendance was a requirement of her job in spite of the fact that it had not required on site attendance for nearly two years.

57. Defendant's actions violated the ADA.

58. As a direct and proximate result of the foregoing violations of the ADA, Plaintiff has sustained economic and non-economic damages, including but not limited to, a loss of employment compensation and other benefits, lost interest on that income and benefits and a loss of retirement benefits and compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Award Plaintiff backpay, front pay, and other compensatory damages suffered by Plaintiff, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and nonpecuniary losses (or, in the alternative, reinstatement with backpay and other damages);

B. Award Plaintiff the reasonable costs and expenses of this action, including reasonable attorneys' fees as required by law;

C. Award prejudgment and post judgment interest, as provided for by law; and

D. Grant such other and further relief as the Court deems equitable and just under the circumstances.

**JURY DEMAND**

Plaintiff requests trial by jury on all claims.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
Voice: (303) 205-7870; Fax: (303) 463-0410
Email: barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
Phone Number: (303) 991-7600
Fax Number: (303) 991-7601
E-mail: shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*